UNITED STATES of America,
Plaintiff-Appellee,

v.

Marvin Phillips GIBSON, Defendant-
Appellant.

No. 27724
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 24, 1969.

J. Jerry Merchant, Merchant & Barfield, Amarillo, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Alex H. McGlinchey, Conrad L. Florence, Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

Appellant was convicted of transporting a stolen automobile from Oklahoma to Texas. 18 U.S.C.A. § 2312. We affirm the conviction.

There are two assignments of error. First, it is contended that the court erred in admitting a portion of the confession of a co-defendant which inculpated appellant. The rule of Bruton v. United States, 1968, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476, is not controlling. We do not perceive that the statement in question was incriminatory as against appellant. However, even on the off-chance that the statement somehow incriminated appellant, it nevertheless does not rise to the level of harmful error in view of the two limiting instructions given to the jury by the court. Frazier v. Cupp, 1969, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684.

The other assignment of error has to do with the admission into evidence of fingerprint exhibits. There is no warrant whatever in the claim that the predicates for the admission of these exhibits were improper.

Affirmed.